UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| LIZA EDMOND, on Behalf of M.B. and X.B. | CIVIL ACTION NO. 6:16-cv-00045 |
| VERSUS | JUDGE HICKS |
| LAFAYETTE CONSOLIDATED GOVERNMENT, LAFAYETTE POLICE DEPARTMENT, CHIEF OF POLICE JIM CRAFT, and OFFICER MELVIN RIDDELL | MAGISTRATE JUDGE HANNA |

# REPORT AND RECOMMENDATION

Currently pending is the motion to dismiss, under Fed. R. Civ. P. 12(b)(6), which was filed by the defendants, Lafayette City-Parish Consolidated Government, Lafayette Police Department, Chief of Police Jim Craft, and Officer Melvin Riddell. (Rec. Doc. 13). The motion is opposed, and oral argument was held on May 24, 2016. The motion was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. For the following reasons, it is recommended that the motion be granted in part and denied in part.

## Background

This lawsuit alleges that the defendants are liable under 42 U.S.C. §§ 1983 and 1988 for alleged violations of the First, Fourth, and Fourteenth Amendments to the United States Constitution.

According to the complaint, plaintiff Liza Edmond is the mother of Malik Broussard and Xzavien Broussard, both of whom are minors and apparently were students at Northside High School in Lafayette, Louisiana in October 2015. On October 5, 2015, Xzavien, who allegedly has a seizure disorder and other health conditions, was using the bathroom when defendant Lafayette Police Officer Melvin Riddell allegedly physically pulled him out of the bathroom and into the hallway, using excessive force and causing physical and emotional injuries.

On October 14, 2015, Officer Riddell allegedly placed Xzavien in the back seat of his unit without cause. Malik discovered where his brother was, inquired of Officer Riddell, and Officer Riddell allegedly used excessive force against Malik, slamming him into the side of the unit and causing physical and emotional injuries.

The plaintiff alleged violations of the First, Fourth, and Fourteenth Amendments, and that Officer Riddell was acting at all relevant times pursuant to policies of the Lafayette Consolidated Government, the Lafayette Police Department, and Lafayette Police Chief Jim Craft. She further alleged that Officer Riddell was

inadequately and improperly trained and supervised. She alleged that the defendants are not entitled to qualified immunity.

The plaintiff also asserted state law claims of negligence, assault, battery, failure to provide medical attention, and negligent and intentional infliction of emotional distress.

The plaintiff sued Lafayette Consolidated Government, the Lafayette Police Department, Chief Craft (individually and in his official capacity), and Officer Riddell (individually and in his official capacity). The defendants responded to the complaint with a motion to dismiss, which has six separate parts, each of which will be addressed in turn.

## Analysis

**A.     The Applicable Standard**

A motion to dismiss for failure to state a claim, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, is properly granted when a defendant attacks the complaint because it fails to state a legally cognizable claim.[1] When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a district court must limit itself to the contents of the pleadings, including any attachments thereto.[2] The

---

[1]     *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[2]     *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

court must accept all well-pleaded facts as true, and it must view them in the light most favorable to the plaintiff.[3] However, conclusory allegations and unwarranted deductions of fact are not accepted as true,[4] and courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[5]

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[6] The allegations must be sufficient "to raise a right to relief above the speculative level,"[7] and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."[8]  "While a complaint . . . does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the

---

[3] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted), quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[4] *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982), citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974); *Collins v. Morgan Stanley*, 224 F.3d at 498.

[5] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

[6] *Bell Atlantic v. Twombly*, 127 U.S. at 570.

[7] *Bell Atlantic v. Twombly,* 127 U.S. at 555.

[8] *Bell Atlantic v. Twombly,* 127 U.S. at 555, quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004).

elements of a cause of action will not do."[9] If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed."[10]

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11] "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[12] Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim."[13]

**B.    <u>Lafayette Police Department is not a juridical entity capable of being sued.</u>**

The plaintiff named "Lafayette Police Department" as a defendant in this lawsuit. The defendants contend that "Lafayette Police Department" is a department

---

[9]    *Bell Atlantic v. Twombly*, 127 U.S. at 555 (citations, quotation marks, and brackets omitted; emphasis added). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[10]    *Bell Atlantic v. Twombly*, 127 U.S. at 570.

[11]    *Ashcroft v. Iqbal*, 556 U.S. at 678.

[12]    *Ashcroft v. Iqbal*, 556 U.S. at 679.

[13]    *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009), quoting *Bell Atlantic v. Twombly*, 127 U.S. at 556. See also *In Re Southern Scrap,* 541 F.3d 584, 587 (5th Cir. 2008).

or division of Lafayette City-Parish Consolidated Government ("the City") and is not a separate juridical entity capable of being sued. Although the defendants presented no evidence in support of their contention, this issue is not a novel one for this Court.

The plaintiff seeks to recover under 42 U.S.C. § 1983, which states that "[e]very **person** who... subjects, or causes to be subjected, any... person... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." A threshold inquiry is whether a party named as a defendant in a lawsuit brought under Section 1983 is a person capable of being sued.

Rule 17 of the Federal Rules of Civil Procedure addresses the capacity of parties to a lawsuit. Rule 17(b)(3) states that the capacity to sue or be sued of a party such as the Lafayette Police Department, which is neither individuals nor a corporation, is determined by the law of the state where the court is located.[14]

Under Louisiana law, a person may be either natural or juridical. "A natural person is a human being. A juridical person is an entity to which the law attributes personality, such as a corporation or partnership."[15] According to the Louisiana Supreme Court:

---

[14]   See, also, *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991).

[15]   Louisiana Civil Code Article 24.

> The determination that must be made in each particular case is whether the entity can appropriately be regarded as an additional and separate government unit for the particular purpose at issue. In the absence of positive law to the contrary, a local government unit may be deemed to be a juridical person separate and distinct from other government entities, when the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity.[16]

On prior occasions, it has been established that the City is governed by a Home Rule Charter, which established a police department as a division of the City's administrative branch but did not grant the police department the status of a corporate body or place it under a separate board with powers of self government. Thus, the charter did not grant the police department the legal capacity to function independently. Consistently, in prior litigation, it was determined that Lafayette's police department does not have the legal capacity to be sued.[17] Furthermore, this

---

[16] *Roberts v. Sewerage and Water Board of New Orleans*, 634 So.2d 341, 346-47 (La. 1994).

[17] *Broussard v. Lafayette City-Parish Consolidated Government*, 45 F. Supp. 3d 553, 571 & n. 4 (W.D. La. 2014); *Lavergne v. Lafayette City Police Dep't*, No. 6:13-2146, 2014 WL 931517, at *4 (W.D. La. Mar. 10, 2014), aff'd sub nom. *Lavergne v. Bajat*, 591 F. App'x 270 (5th Cir. 2015), cert. dismissed, 135 S. Ct. 2810, 192 L. Ed. 2d 845 (2015), reconsideration denied, 136 S. Ct. 291, 193 L. Ed. 2d 19 (2015); *Brown v. Lafayette City-Par. Consol. Gov't*, No. 6:13-2436, 2014 WL 1217960, at *1 (W.D. La. Feb. 28, 2014); *Marceaux v. Lafayette City-Par. Consol. Gov't*, 921 F. Supp. 2d 605, 624 (W.D. La. 2013); *Cormier v. Lafayette City Parish Consol. Government*, No. 6:09–cv–0703, 2011 WL 5156862, at *3 (W.D. La. Oct. 28, 2011), rev'd on other grounds, 493 Fed. App'x 578 (5th Cir. 2012); *Domingue v. Lafayette City Parish Consolidated Government*, No. 05–2151, 2008 WL 728654, at *5 n. 13 (W.D. La. Mar. 17, 2008); *Batiste v. Bonin*, No. 06-1352, 2007 WL 1791219, at *4 (W.D. La. June 13, 2007).

Court has found no law, Constitutional, statutory, or otherwise, that confers upon Lafayette's police department the authority to sue or be sued, or that entitles it to function independently of the City nor has this Court been presented with evidence that the Home Rule Charter has been changed.

Based on this reasoning, this Court finds that the Lafayette police department does not have the legal capacity to function independently, but functions as an agency, department, or division of the City. Therefore, it lacks the capacity to be sued, and the plaintiff in this lawsuit has no right to recover from it. Accordingly, this Court recommends that the defendants' motion to dismiss be granted to the extent that it seeks dismissal of the plaintiff's claims against "Lafayette Police Department."

**C.    The plaintiff's municipal liability claim is insufficient.**

The defendants argue that the plaintiff's complaint fails to adequately state a claim for municipal liability under Section 1983. More particularly, the defendants argue that the complaint contains an impermissible claim for Section 1983 liability based on a vicarious liability or *respondeat superior* theory.

Municipalities are not vicariously liable for violations committed by their employees, but they are liable when their official policies cause their employees to

violate another person's constitutional rights.[18] Therefore, a claim of municipal liability under Section 1983 requires proof of three elements: a policymaker, an official policy, and a violation of constitutional rights whose moving force is the policy or custom.[19] The proper analysis of such claims requires an inquiry into (1) whether the plaintiff's harm was caused by a constitutional violation, and (2) if so, whether the city is responsible for that violation.[20]

In this case, the plaintiff contends that the incidents involving the plaintiff's sons "were a part of the practices, policies, customs[,] and usages of the Lafayette Consolidated Government, namely Lafayette Police Department, and Chief of Police Jim Craft, because its management and administrative officials were aware of several prior instances of police officers in its employ illegally and unlawfully violating the constitutional rights of its citizens, yet did nothing to investigate these incidences to determine the causes of these violations and take the necessary steps to preclude their recurrence." (Rec. Doc. 1 at 7). This is a conclusory allegation with no factual underpinnings.

---

[18] *Jones v. Lowndes County, Miss.*, 678 F.3d 344, 349 (5th Cir. 2012); *Baker v. Putnal*, 75 F.3d 190, 200 (5th Cir. 1996).

[19] *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

[20] *Doe ex rel. Magee v. Covington County School Dist. ex rel. Keys*, 675 F.3d 849, 867 (5th Cir. 2012).

Therefore, to the extent that the complaint seeks to hold the City liable on the basis of vicarious liability or a respondeat superior theory of liability, this Court recommends that the defendants' motion to dismiss be granted – but only with regard to such a claim.

This litigation remains at a very early stage. Although the plaintiff has not requested leave to amend her complaint, this Court considers whether to grant such leave, because generally, when a court dismisses one or more of a plaintiff's claims pursuant to Rule 12(b)(6), the court should give the plaintiff an opportunity to amend the complaint.[21] As the Fifth Circuit has noted, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."[22] Accordingly, this Court finds that the plaintiff should be afforded an opportunity to amend the complaint in order to support with greater factual detail any claim for municipal liability that she might have against the City that is not a vicarious liability or

---

[21] See *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000).

[22] *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

*respondeat superior* claim. Therefore, it is recommended that an order in that regard be issued.

**D. The claims against Chief Craft and Officer Riddell in their official capacities are redundant of the claim against the City.**

The plaintiff asserted official capacity claims against Chief Craft and Officer Riddell. The plaintiff also sued the City. The defendants argue that the official capacity claims are redundant and, for that reason, should be dismissed.

"A judgment in a § 1983 lawsuit against an official in his official capacity imposes liability against the entity he represents."[23] Therefore, it is "well settled that a suit against a municipal official in his or her official capacity is simply another way of alleging municipal liability."[24] When, as in this case, the government entity itself is a defendant in the litigation, claims against specific individuals in their official capacities are redundant, and for that reason courts in this Circuit have found it is appropriate to dismiss them.[25]

---

[23] *Deshotels v. Village of Pine Prairie*, No. 11-CV-2052, 2012 WL 1712358, at *4 (W.D. La. Apr. 13, 2012).

[24] *Howell v. Town of Ball*, No. 12-951, 2012 WL 3962387, at *4 (W.D. La. Sept. 4, 2012), citing *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978).

[25] See, e.g., *Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001) ("The district court was also correct in dismissing the allegations against all of the municipal officers and two of the employees of the Corps of Engineers in their official capacities, as these allegations duplicate claims against the respective governmental entities themselves."); *Flores v. Cameron County, Tex.*, 92 F.3d 258, 261 (5th Cir. 1996).

In keeping with this principle, this Court finds that the plaintiff's claims against Chief Craft and Officer Riddell in their official capacities are redundant of the claims asserted against the City and recommends that, with regard to those claims, the defendants' motion be granted and the official capacity claims be dismissed.

### E. The claim against Chief Craft in his individual capacity is insufficient.

The plaintiff sued Chief Craft in his individual capacity, but there is no allegation that he participated in the alleged constitutional violations at Northside High School involving the plaintiff's sons or that he was even on the school premises when those alleged violations occurred. It is alleged, however, that Chief Craft devised or implemented one or more policies that led to the purported Constitutional violations. But that is a conclusory allegation for which there is no factual support in the plaintiff's complaint. Because Chief Craft did not participate in the events of October 2015 and because there are no factual allegations supporting the conclusory allegation concerning Chief Craft's alleged policies, the defendants seek dismissal of the individual capacity claim against Chief Craft. The plaintiff responded by arguing that Chief Craft personally condoned Officer Riddell's actions, but the plaintiff's complaint alleged no specific facts supporting that contention.

A Section 1983 claimant must establish that the defendant was either personally involved in a constitutional deprivation or that his wrongful actions were

causally connected to the constitutional deprivation.[26] Supervisory officers such as Chief Craft cannot be held liable under Section 1983 for the actions of their subordinates on any theory of vicarious liability; instead, only the direct acts or omissions of government officials, not the acts of subordinates, will give rise to individual liability under Section 1983.[27] A state actor may be liable under Section 1983 only if the plaintiff establishes that the defendant supervisory official was personally involved in the acts causing the deprivation of the plaintiff's constitutional rights or that a causal connection exists between an act of the official and the alleged constitutional violation.[28] In this case, the plaintiffs' complaint is devoid of any factual allegations against Chief Craft that delineate any act or omission that might support a finding of his personal involvement in the incidents when the plaintiffs' sons' rights were allegedly violated.

Alternatively, a supervisory official may be liable under Section 1983 if he implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights.[29] In this case, the plaintiffs' complaint is lacking in factual

---

[26] *Jones v. Lowndes County, Miss.*, 678 F.3d at 349.

[27] *Alton v. Texas A & M University*, 168 F.3d 196, 200 (5th Cir. 1999).

[28] *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981).

[29] *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987); *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998); *Alton v. Texas A & M*, 168 F.3d at 200.

allegations against Chief Craft supporting the conclusion that he implemented any such policy.

Consequently, this Court recommends that the plaintiff's claim against Chief Craft in his individual capacity be dismissed to the extent that there is no evidence of Chief Craft's personal participation in the relevant events of October 2015. With regard to the allegations concerning policies allegedly implemented by Chief Craft, however, the Court again recognizes the early stage of this litigation and recommends that the plaintiff be given an opportunity to amend her complaint to set forth the factual basis for any individual capacity claim she might have against Chief Craft arising out of any policies that he might have implemented.

**F.   Punitive damages are not available against the City, Chief Craft in his official capacity, or Officer Riddell in his official capacity.**

In her complaint, the plaintiff expressly seeks to recover treble, exemplary, and/or punitive damages. (Rec. Doc. 1 at 13). The defendants contend that this claim should be dismissed with regard to the claims asserted against the City, Chief Craft in his official capacity, and Officer Riddell in his official capacity, arguing that the plaintiffs in a Section 1983 action cannot recover punitive damages from a municipality or its officials acting in their official capacities.

The defendants' reasoning is sound. "It is well settled that municipalities are not subject to the imposition of punitive damages under Section 1983."[30] Furthermore, "[i]t is equally well settled that a suit against a municipal official in his or her official capacity is simply another way of alleging municipal liability."[31] Accordingly, this Court finds that the plaintiff does not have a valid claim for punitive damages against the City. This Court further finds that the plaintiff does not have valid punitive damages claims against the individual defendants who were sued in their official capacities because those claims are duplicative of the punitive damages claim asserted against the city.[32] Accordingly, it is recommended that the defendants' motion be granted to the extent that the plaintiff asserted punitive damages claims against the City and against Chief Craft and Officer Riddell in their official capacities. However, punitive damages are recoverable against municipal employees who are sued in their individual capacities pursuant to a Section 1983

---

[30] *Howell v. Town of Ball,* No. 12–951, 2012 WL 3962387, at *4 (W.D. La. Sept. 4, 2012), citing *Cook County, Ill. V. U.S. ex rel. Chandler,* 538 U.S. 119 (2003); *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247 (1981); and *Webster v. City of Houston,* 735 F.2d 838 (5th Cir. 1984).

[31] *Howell v. Town of Ball*, 2012 WL 3962387, at *4, citing *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978).

[32] *Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001).

claim.[33] Therefore, to the extent that the plaintiff asserted punitive damages claims against Chief Craft[34] and Officer Riddell in their individual capacities, it is recommended that the motion to dismiss be denied.

### G. The plaintiff's allegations concerning injuries are sufficient.

The plaintiff contends that Officer Riddell used excessive force when detaining her sons. The defendants seek dismissal of the plaintiff's complaint on the basis that the plaintiff failed to allege anything more than *de minimis* injuries. Although the Fifth Circuit no longer requires a plaintiff to establish a "significant injury" in excessive force claims, the injury must be more than *de minimis*.[35]

In this case, the complaint alleged that Malik "suffered and continues to suffer from physical and severe emotional injuries," while Xzavien "suffered and continues to suffer from emotional injuries." (Rec. Doc. 1 at 7). The complaint also alleged that Xzavien "suffers immense pain in his back and leg" while Malik "suffers immense pain in his back, his leg, and thigh." (Rec. Doc. 1 at 12). The complaint

---

[33] *Givs v. City of Eunice*, No. 6:05–CV–0788, 2006 WL 1831528, at *1 (W.D. La. June 29, 2006), citing *Smith v. Wade*, 461 U.S. 30, 35 (1983), and *Williams v. Kaufman County*, 352 F.3d 994, 1015 (5th Cir. 2003).

[34] Should the plaintiff amend her complaint to assert a valid claim against Chief Craft in his individual capacity, as discussed above, she would retain the right to seek the recovery of punitive damages against Chief Craft.

[35] *Tarver v. City of Edna*, 410 F.3d 745, 752 (5th Cir. 2005); *Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir. 1999), decision clarified on reh'g, 186 F.3d 633 (5th Cir. 1999).

further alleged that Malik and Xzavien "have suffered and will continue to suffer great physical and mental pain and suffering, have incurred and will continue to incur medical bills, and have suffered a loss of enjoyment of life." (Rec. Doc. 1 at 13). Although the defendants suggest that the plaintiff has failed to allege facts that could produce any injury that is more than *de minimis*, this Court finds that the allegations of severe emotional injury as well as physical injury plus medical treatment are more than *de minimis* and sufficient to support a plausible excessive force claim. Accordingly, this Court recommends that, to the extent that the defendants' motion seeks dismissal of the complaint for failure to allege more than *de minimis* injuries, the motion be denied.

## Conclusion

In summary, this Court recommends that the defendants' motion to dismiss (Rec. Doc. 13) be granted in part and denied in part and that the plaintiff be permitted to amend her complaint with regard to one of her claims. More particularly,

(1) It is recommended that the motion be granted with regard to the plaintiff's claim against the "Lafayette Police Department" and that claim be dismissed.

(2) It is recommended that the motion be granted to the extent that the complaint articulates a vicarious liability or *respondeat superior* claim against the

City and any such claim be dismissed, but it is recommended that the plaintiff be granted leave to amend her complaint in order to more adequately state a claim for municipal liability against the City.

(3)  It is recommended that the motion be granted with regard to the plaintiff's claims against Chief Craft and Officer Riddell in their official capacities and those claims be dismissed.

(4)  It is recommended that the motion be granted with regard to the plaintiff's claim against Chief Craft in his individual capacity to the extent that Chief Craft did not personally participate in the relevant events of October 2015, but it is also recommended that the plaintiff be granted leave to amend her complaint in order to more adequately state a claim against Chief Craft in his individual capacity with regard to any relevant policies that he implemented.

(5)  It is recommended that the defendants' motion be granted to the extent that the plaintiff asserted punitive damages claims against the City and against Chief Craft and Officer Riddell in their official capacities and those claims be dismissed. However, it is recommended that if the plaintiff amends her complaint and states a claim against Chief Craft in his individual capacity, the plaintiff will retain her right to seek punitive damages against him as well as against Officer Riddell in his individual capacity.

(6) It is recommended that, to the extent that the defendants' motion seeks dismissal of the complaint for failure to allege more than *de mininis* injuries, the motion should be denied.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, on May 24, 2016.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE