UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

LIZA EDMOND, on Behalf of                CIVIL ACTION NO. 6:16-cv-00045
M.B. and X.B.

VERSUS                                   JUDGE HICKS

LAFAYETTE CONSOLIDATED                   MAGISTRATE JUDGE HANNA
GOVERNMENT, LAFAYETTE
POLICE DEPARTMENT, CHIEF OF
POLICE JIM CRAFT, and OFFICER
MELVIN RIDDELL

## REPORT  AND  RECOMMENDATION

Currently pending is the motion to dismiss, under Fed. R. Civ. P. 12(b)(6), which was filed by the defendants, Lafayette City-Parish Consolidated Government, Lafayette's Chief of Police Jim Craft, and Lafayette Police Officer Melvin Riddell. (Rec. Doc. 23).  The motion is opposed, and oral argument was waived by the parties. The motion was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court.  For the following reasons, it is recommended that the motion be denied.

## Background

This lawsuit alleges that the defendants are liable under 42 U.S.C. §§ 1983 and 1988 for alleged violations of the First, Fourth, and Fourteenth Amendments to the United States Constitution.

According to the original complaint, plaintiff Liza Edmond is the mother of Malik Broussard and Xzavien Broussard, both of whom are minors and apparently were students at Northside High School in Lafayette, Louisiana in October 2015.  On October 5, 2015, Xzavien, who allegedly has a seizure disorder and other health conditions, was using the bathroom when defendant Lafayette Police Officer Melvin Riddell allegedly pulled him out of the bathroom and into the hallway, using excessive force and causing physical and emotional injuries.

On October 14, 2015, Officer Riddell allegedly placed Xzavien in the back seat of his unit without cause.  Malik discovered where his brother was, inquired of Officer Riddell, and Officer Riddell allegedly used excessive force against Malik, slamming him into the side of the unit and causing physical and emotional injuries.

The plaintiff alleged violations of the First, Fourth, and Fourteenth Amendments, and further alleged that Officer Riddell was acting at all relevant times pursuant to policies of the Lafayette Consolidated Government, the Lafayette Police Department, and Lafayette Police Chief Jim Craft.  The plaintiff further alleged that Officer Riddell was inadequately and improperly trained and supervised.  She alleged that the defendants are not entitled to qualified immunity.

The plaintiff also asserted state law claims of negligence, assault, battery, failure to provide medical attention, and negligent and intentional infliction of emotional distress.

The plaintiff sued Lafayette Consolidated Government, the Lafayette Police Department, Chief Craft (individually and in his official capacity), and Officer Riddell (individually and in his official capacity).  The defendants responded to the complaint with a motion to dismiss.  This Court recommended that the motion be granted in part and denied in part and further recommended that the plaintiff be permitted to amend her complaint with regard to her municipal liability claim against the city.  (Rec. Doc. 19).  The District Court adopted the report and recommendation.  (Rec. Doc. 28).

The plaintiff amended her complaint (Rec. Doc. 22), and the remaining defendants filed a second Rule 12(b)(6) motion (Rec. Doc. 23), arguing that the amended complaint fails to state a municipal liability claim against the Lafayette City-Parish Consolidated Government ("the City") and that the amended complaint fails to state a claim against Lafayette Police Chief Jim Craft in this individual capacity.

## Analysis

### A.    The Applicable Standard

A motion to dismiss for failure to state a claim, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, is properly granted when a defendant attacks the complaint because it fails to state a legally cognizable claim.[1]  When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a district court must limit itself to the contents of the pleadings, including any attachments thereto.[2]  The court must accept all well-pleaded facts as true, and it must view them in the light most favorable to the plaintiff.[3]  However, conclusory allegations and unwarranted deductions of fact are not accepted as true,[4] and courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[5]

---

[1]      *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[2]      *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[3]      *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted), quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[4]      *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982), citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974); *Collins v. Morgan Stanley*, 224 F.3d at 498.

[5]      *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[6]  The allegations must be sufficient "to raise a right to relief above the speculative level,"[7] and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."[8]  "While a complaint . . . does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[9]  If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed."[10]

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11]   "[D]etermining whether a

---

[6]      *Bell Atlantic v. Twombly*, 127 U.S. at 570.

[7]      *Bell Atlantic v. Twombly,* 127 U.S. at 555.

[8]      *Bell Atlantic v. Twombly,* 127 U.S. at 555, quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004).

[9]      *Bell Atlantic v. Twombly*, 127 U.S. at 555 (citations, quotation marks, and brackets omitted; emphasis added).  *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[10]      *Bell Atlantic v. Twombly*, 127 U.S. at 570.

[11]      *Ashcroft v. Iqbal*, 556 U.S. at 678.

complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[12] Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim."[13]

## B.   <u>The plaintiff's amended municipal liability claim is sufficient</u>.

The defendants argue that the plaintiff's amended complaint fails to adequately state a claim for municipal liability under Section 1983.   Municipalities are not vicariously liable for violations committed by their employees, but they are liable when their official policies cause their employees to violate another person's constitutional rights.[14]   Therefore, a claim of municipal liability under Section 1983 requires proof of three elements:  a policymaker, an official policy, and a violation of constitutional rights whose moving force is the policy or custom.[15]   The proper analysis of such claims requires an inquiry into (1) whether the plaintiff's harm was

---

[12]      *Ashcroft v. Iqbal*, 556 U.S. at 679.

[13]      *Lormand v. US Unwired, Inc*., 565 F.3d 228, 257 (5th Cir. 2009), quoting *Bell Atlantic v. Twombly*, 127 U.S. at 556.  See also *In Re Southern Scrap,* 541 F.3d 584, 587 (5th Cir. 2008).

[14]      *Jones v. Lowndes County, Miss*., 678 F.3d 344, 349 (5th Cir. 2012); *Baker v. Putnal*, 75 F.3d 190, 200 (5th Cir. 1996).

[15]      *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

caused by a constitutional violation, and (2) if so, whether the city is responsible for that violation.[16]

In this case, the plaintiff originally contended that the incidents involving the plaintiff's sons "were a part of the practices, policies, customs[,] and usages of the Lafayette Consolidated Government, namely Lafayette Police Department, and Chief of Police Jim Craft, because its management and administrative officials were aware of several prior instances of police officers in its employ illegally and unlawfully violating the constitutional rights of its citizens, yet did nothing to investigate these incidences to determine the causes of these violations and take the necessary steps to preclude their recurrence."  (Rec. Doc. 1 at 7).  This Court found, in ruling on the defendants' first motion to dismiss, that only a conclusory allegation with no factual underpinnings had been set forth and recommended that the plaintiff's claim against the City on the basis of vicarious liability or a respondeat superior theory of liability be dismissed.  This Court also recommended – and the District Court adopted the recommendation – that the complaint be amended with regard to this claim.

In her original complaint, the plaintiff alleged that Chief Craft is the person who was responsible for implementing the City police department's customs, policies,

---

[16]        *Doe ex rel. Magee v. Covington County School Dist. ex rel. Keys*, 675 F.3d 849, 867 (5th Cir. 2012).

and procedures.  In the amended complaint, the plaintiff added additional allegations concerning the City's liability, alleging that the City's failure to demote, fire, or suspend Officer Riddell was the result of the City's practices, policies, customs, or usages that tolerate or acquiesce in the violation of citizens' constitutional rights and encourage the type of behavior that Officer Riddell allegedly exhibited.  "Municipal liability for constitutional torts arises when the execution of an official policy or custom of the municipality causes the constitutional injury."[17]  Furthermore, "a single action by a municipal official possessing final policymaking authority regarding the action in question constitutes the official policy of the municipality."[18]  Municipal liability may attach if the claimant can show a single action by a municipal official possessing the final policymaking authority regarding the action in question which constitutes the official policy of the municipality.[19]

The defendants argue that the plaintiff, even in her amended complaint, fails to allege the "extreme factual situations" necessary to support a single incident claim,

---

[17]    *Brady v. Fort Bend County*, 145 F.3d 691, 698 (5th Cir. 1998), citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978).

[18]    *Brady v. Fort Bend County*, 145 F.3d at 698, citing *McMillian v. Monroe County*, 520 U.S. 781, 117 S.Ct. 1734, 1736–37 (1997).

[19]    *Hardesty v. Waterworks Dist. No. 4 of Ward Four*, 954 F.Supp.2d 461, 471 (W.D. La. 2013), citing *Brady v. Fort Bend County*, 145 F.3d at 698.

citing *Snyder v. Trepagnier*[20] and *World Wide Street Preachers's Fellowship v. Town of Columbia, Louisiana*.[21]  The difference between this case and the cases cited by the defendants is that, in both of the other cases, the court decided after trial that the facts did not present a factual situation extreme enough to warrant the imposition of municipal liability.  In this case, this Court need not make such a decision; it is called upon only to decide whether the plaintiff has alleged enough factual matter which, when taken as true, raises a reasonable hope or expectation that discovery will reveal relevant evidence of each element of a claim.  In other words, the plaintiff need only assert a plausible claim; she need not prove her claim at this time.

Accordingly, this Court finds that, as amended, the plaintiff has alleged a single act by the City police department's policymaker – the failure to discipline Officer Riddell – that allegedly illustrates and implements a policy tolerating the violation of constitutional rights and encouraging the use of excessive force by the City's police officers.  Whether the plaintiff will ultimately prove that such a policy actually existed, or that the alleged failure to discipline Officer Riddell was the result of the implementation of such a policy, or that excessive force was actually used by Officer

---

[20]     *Snyder v. Trepagnier*, 142 F.f3d 791, 797-98 (5th Cir. 1998).

[21]     *World Wide Street Preacher's Fellowship v. Town of Columbia, Louisiana*, No. 05-0513, 2008 WL 4745249 (W.D. La. Nov. 7, 2008), affirmed, 591 F.3d 747 (5th Cir. 2009).

Riddell are issues for another day.  It is sufficient, at this stage of the litigation and with regard to the pending motion to dismiss, that the amended complaint has alleged facts nudging the plaintiff's municipal liability claim over the line from conceivable to plausible.  Accordingly, it is recommended that the defendant's motion be denied with regard to the plaintiff's municipal liability claim.

**C.**     **The claim against Chief Craft in his individual capacity is sufficient.**

A Section 1983 claimant must establish that the defendant was either personally involved in a constitutional deprivation or that his wrongful actions were causally connected to the constitutional deprivation.[22]  Supervisory officers such as Chief Craft cannot be held liable under Section 1983 for the actions of their subordinates on any theory of vicarious liability; instead, only the direct acts or omissions of government officials, not the acts of subordinates, will give rise to individual liability under Section 1983.[23]  A state actor may be liable under Section 1983 only if the plaintiff establishes that the defendant supervisory official was personally involved in the acts causing the deprivation of the plaintiff's constitutional rights or that a causal connection exists between an act of the official and the alleged

---

[22]     *Jones v. Lowndes County, Miss.*, 678 F.3d at 349.

[23]     *Alton v. Texas A & M University*, 168 F.3d 196, 200(5th Cir. 1999).

constitutional violation.[24]  Alternatively, a supervisory official may be liable under Section 1983 if he implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights.[25]

The plaintiff sued Chief Craft in his individual capacity, but the original complaint contained no allegation that he participated in the alleged constitutional violations at Northside High School involving the plaintiff's sons or that he was even on the school premises when those alleged violations occurred.  As amended, the complaint remains devoid of any such allegations.

In the original complaint, it was also alleged that Chief Craft devised or implemented one or more policies that led to the purported Constitutional violations, but there was insufficient factual support for that conclusory allegation.  The plaintiff's amended complaint, however, alleges that Chief Craft personally implemented unconstitutional policies that causally resulted in injury to the plaintiff because Chief Craft failed to reprimand, discipline, or suspend Officer Riddell following the events involving Malik and Xzavien Broussard.  The amended complaint also alleges that Chief Craft personally conducted an investigation into

---

[24]     *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981).

[25]     *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987); *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998); *Alton v. Texas A & M*, 168 F.3d at 200.

those events and personally concluded that there was no basis for disciplining Officer Riddell.  The plaintiff alleged that, in failing to discipline Officer Riddell, Chief Craft acted with deliberate indifference to Officer Riddell's alleged violation of the plaintiff's constitutional rights.  It is also alleged that Chief Craft failed to provide the necessary training that would have discouraged Officer Riddell's allegedly unconstitutional behavior and prevented future recurrences of that behavior.  Thus, the plaintiff has now alleged that Chief Craft's personal involvement in the matter resulted in the plaintiff's alleged injuries.  Whether those allegations will ultimately be proven by the plaintiff to be true is a separate question reserved for a later stage of the litigation.  However, this Court finds that, as amended, the plaintiff's complaint now contains sufficient factual support for the plaintiff's claim against Chief Craft in his individual capacity to nudge the claim across the line from conceivable to plausible.  Accordingly, it is recommended that the defendant's motion to dismiss be denied with regard to the individual capacity claim against Chief Craft.

## Conclusion

In summary, this Court recommends that the defendants' motion to dismiss (Rec. Doc. 13) be denied.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this

report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, on July 11, 2016.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE